IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RUBEN D. CALVINO,
          **Plaintiff,**

-vs-                                            Case No. A-12-CA-577-SS

CONSECO FINANCE SERVICING CORP. and
GREEN TREE SERVICING LLC,
          **Defendants.**

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Conseco Finance Servicing Corp. and Green Tree Servicing LLC's Motion for Summary Judgment [#35], Plaintiff Ruben D. Calvino's Response [#36] thereto, Defendants' Supplement to the Motion for Summary Judgment [#42], and Calvino's Objection and Motion to Strike the same [#46]. Having considered the documents, the file as a whole, and the governing law, the Court now enters the following opinion and orders, granting summary judgment for Defendants.

**Background**

This is a pro se suit to stop a foreclosure, filed in the 126th District Court of Travis County, Texas on May 30, 2012, and removed here under diversity jurisdiction on June 29, 2012. At issue is a home located at 6928 Scenic Brook Drive, Austin, Texas. Calvino either purchased the property, or refinanced it, on March 26, 2002. Calvino claims he was defrauded at the time the loan closed, because the interest rate was set at 13.33% instead of a promised 9%. He claims Defendants told him at the time this was temporary, and the interest rate would revert to 9% once certain costs had

been paid off. Further, Calvino seeks to quiet title in his favor, arguing the assignments of the Note and Deed of Trust are void because they were not recorded, and asserting the Note and Deed of Trust have become bifurcated, and therefore void.

The Defendants moved for summary judgment on June 28, 2013. The Court held a hearing on August 8, 2013, at which Defendants appeared by and through counsel, and Calvino appeared in person. The Court heard argument regarding the chain of assignments of the mortgage, and directed Defendants to file, within seven days, a concise chart or diagram showing said assignments of the Note and Deed of Trust. The Court further directed Calvino to file any comments or response to the supplement within ten days thereafter. Presently, the Court has received Defendants' Supplement, and Calvino's Response, which includes a Motion to Strike the Supplement.

## Discussion

As an initial matter, the Court will address Calvino's Motion to Strike Defendants' Supplement to their Motion for Summary Judgment. At the hearing, the Court directed Defendants to file a concise chart or diagram, showing the chain of assignments of the Note and Deed of Trust. The Court memorialized this oral directive in its post-hearing order. Order of Aug. 9, 2013 [#41] at 2. Defendants duly filed a set of four exhibits: a chart showing the assignments of the Note, a flow chart presenting the same information, a chart tracing the servicing of the Note, and another corresponding flowchart. Calvino objects to these, claiming he expected a single document. However, two of these four documents simply present the same information in an alternative format. And having seen the complex chain of assignments at issue, it is evident attempting to combine the chain of assignments of the Note into the same chart or diagram of assignments of the servicing rights would result in an unwieldy and unusable mess. Calvino also argues Defendants are

impermissibly expanding the arguments raised in their Motion for Summary Judgment, but fails to explain how, and the Court perceives nothing improper. The Motion to Strike [#46] is therefore DENIED. The Court now turns to the Motion for Summary Judgment.

**I.    Legal Standard—Summary Judgment**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are

not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

Calvino's Amended Complaint brings the following claims: (1) "Declaratory Judgment To Expunge Fraudulent Lien Filing," (2) fraud, (3) refusal to offer a "loss mitigation program," i.e., refusal to offer a modification, (4) violation of the Texas Deceptive Trade Practices Act, and (5) discrimination.

### A. Declaratory Relief and Quiet Title

In support of his claim for declaratory relief, Calvino advances three theories: (1) the various assignments are void, because they are not recorded, (2) Defendants violated the terms of a pooling and servicing agreement governing the securitization of the Note, thus making it void, and (3) Defendants cannot establish their entitlement to enforce the Note or Deed of Trust. The Court will address each in turn.

1.  **Recording of Assignments**

Calvino's claim the various assignments of the Note and Deed of Trust are void is unsupported under Texas law. This is because such documents do not need to be recorded to be enforceable against parties to them. "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments." *Broyles v. Chase Home Fin.*, No. 3:10–CV–2256–G, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011) (citing *Denson v. First Bank & Trust of Cleveland*, 728 S.W.2d 876, 877 (Tex. App.—Beaumont 1987, no writ); *Shaw v. Jackson*, 227 S.W. 520, 522 (Tex. Civ. App.—Beaumont 1920, no writ)). Accordingly, any claims based on this allegation fail as a matter of law.

In response, Calvino argues he is not a party to the instrument, but this is nonsensical, as his name appears on the Note and Deed of Trust. Calvino further argues section 13.001 and 13.002 of the Texas Property Code require recording. However, the Northern District of Texas considered and rejected this interpretation of section 13.001 in *Broyles*. *See id.* This Court agrees. Section 13.002 simply states: "An instrument that is properly recorded in the proper county is: (1) notice to all persons of the existence of the instrument; and (2) subject to inspection by the public." TEX. PROP. CODE § 13.002. As such, it is irrelevant. Section 13.001 requires closer examination, but likewise does not require recordation on facts such as these. It states, in relevant part:

> (a) A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.
> (b) The unrecorded instrument is binding on a party to the instrument, on the party's heirs, and on a subsequent purchaser who does not pay a valuable consideration or who has notice of the instrument.

*Id.* § 13.001(a)–(b).

Section 13.001, in subsection (a), does limit the validity of unrecorded instruments, under certain circumstances. However, subsection (b) specifically notes "The unrecorded instrument is binding on a party to the instrument." The record conclusively demonstrates Calvino is a party to the Note and Deed of Trust, and therefore remains bound by them even when assignments of them are recorded. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, No. 12-50569, 2013 WL 3480207, at *4 (5th Cir. July 11, 2013); *Broyles*, 2011 WL 1428904, at *2 ("Thus, the Broyles' claim that all transfers and assignments must have been recorded before Chase could foreclose on the property is without merit . . . .").

Calvino also points to section 192.007(a) of the Texas Local Government Code, which states:

> To release, transfer, assign, or take another action relating to an instrument that is filed, registered, or recorded in the office of the county clerk, a person must file, register, or record another instrument relating to the action in the same manner as the original instrument was required to be filed, registered, or recorded.

TEX. LOC. GOV'T CODE § 192.007(a).

However, the Court finds this section also does not require Defendants to record the Deed of Trust in order to enforce it against Calvino. *See Reinagel*, 2013 WL 3480207, at *4; *Felle v. JP Morgan Chase Bank, Nat'l Assoc.*, No. A–12–CA–1037–SS, slip op. at 3–4 (W.D. Tex. Jan. 15, 2013). First, section 192.007 is procedural, addressed to the county clerks, which is confirmed by reference to part (b), which goes on to explain: "An entry, including a marginal entry, may not be made on a previously made record or index to indicate the new action." *Id.* § 192.007(b); *Reinagel*, 2013 WL 3480207, at *4 n.27 ("However, this obscure provision has never been cited in a state court decision and is best read as a procedural directive to county clerks, not as a prerequisite to the validity of assignments."). Second, if the Texas Legislature had intended to add yet another

procedural prerequisite for nonjudicial foreclosures, the proper place to do so would have been the Property Code, alongside the requirement it contains to record notices of foreclosure. *See* TEX. PROP. CODE § 51.002(b). In addition, reading section 192.007 in the manner Calvino proposes would place it directly at odds with the language in Texas Property Code section 13.001(b), which specifies unrecorded instruments remain enforceable as to parties to the instrument.

Finally, Calvino cites to *Sanchez v. Telles* as authority for his interpretation of the recording statutes. 960 S.W.2d 762 (Tex. App.—El Paso 1997, writ denied). However, *Sanchez* does not say lenders must record their assignments in order to maintain enforceability of a Note or Deed of Trust. To the contrary, *Sanchez* in fact contains a helpful discussion of the actual purpose of the recording statutes: "The recording laws in Texas were meant to protect innocent purchasers and creditors without notice of the prior transfer from being injured or prejudiced by their lack of knowledge of the competing claim." *Id.* at 767. Calvino is not an "innocent purchaser," he is an original party to the Note and Deed of Trust. To the extent Defendants have failed to record their interests in the property in question, they may have failed to provide notice to subsequent purchasers and creditors, and such third parties might well complain of the lack of recording, if they purchased Calvino's home, or loaned Calvino money, and secured it with a second mortgage on Calvino's home, without knowledge of Defendants' interest. *See Reinagel*, 2013 WL 3480207, at *4 ("While mortgage assignments must be acknowledged to be recorded, Texas's recording statute protects only subsequent purchasers for value and without notice."). Therefore, the recording statutes are not relevant to this case.

### 2. Securitization and Pooling Provisions

Calvino also argues the instruments are void because Defendants failed to comply with the terms of the Pooling and Servicing Agreement (PSA) of the securitized trust the Note was placed into. This claim is frivolous, because Calvino has no standing to enforce the terms of the PSA, as he is neither a party to it, or an intended third-party beneficiary. *Reinagel*, 2013 WL 3480207, at *5 (holding homeowners, as strangers to a PSA, "have no right to enforce" the terms of the PSA, absent a showing they were intended third-party beneficiaries); *Jones v. Bank of N.Y. Mellon*, No. A–12–CA–961–SS, slip op. at 5–6 (W.D. Tex. Mar. 4, 2013) ("Plaintiffs are not a party to the securitization, nor are they an intended third-party beneficiary of it, and they thus lack standing to enforce its terms."); *Peters v. JPMorgan Chase Bank, N.A.*, No. A–12–CA–637–SS, slip op. at 4 (W.D. Tex. Dec. 14, 2012) (order granting motion to dismiss).

Furthermore, even if Calvino was an intended third-party beneficiary of the PSA, such "would not render the assignments void, but merely entitle the [Calvino] to sue for breach of the PSA." *Reinagel*, 2013 WL 3480207, at *5. "In reality, of course, a PSA is executed to benefit the investors who buy securities backed by the mortgage pool—investors who would be harmed by enforcing the PSA to keep mortgages out of the pooling trust. Unsurprisingly, courts invariably deny mortgagors third-party status to enforce PSAs." *Id.* at *5 n.29 (collecting cases).

### 3. Defendants' Authority Under the Deed of Trust and Ownership of the Note

Homeowners have a limited ability to challenge the chain of assignments by which a lender or servicer obtain their authority under a note and deed of trust, specifically, by raising grounds which would render the assignments not merely voidable, but void. *Reinagel*, 2013 WL 3480207,

at *3. Accordingly, the Court must review the long and convoluted chain of assignments by which Defendants are entitled to enforce the Deed of Trust and the Note, to determine if there is any fact which, if true, would render a link in the chain void under Texas law. *See id.* For the following reasons, the Court concludes there are in fact no defects in the chain of assignments, either voidable or void. In point of fact, with the possible exception of the events connected to the Conseco bankruptcy, discussed below, this case could have been resolved on a Rule 12(b)(6) motion, rather than summary judgment, as Calvino has failed to allege any facts which would render any assignment void. *See id.*

The undisputed evidence[1] in this case establishes the following: On March 26, 2002, Calvino signed a Texas Home Equity Real Estate Note for $168,000.00, in favor of Conseco Finance Servicing Corp. Defs.' Mot. Summ. J. [#35-4], Ex. A-1, at 10. An undated allonge to the Note authorizes payment to a blank space, and therefore authorizes payment the holder. *Id.* at 15. Contemporaneous with the Note, Calvino executed a Texas Home Equity Deed of Trust, also in favor of Conseco Finance Servicing Corp. *Id.*, Ex. A-2, at 16. Shortly thereafter, on April 1, 2002, the Note was sold to Conseco Finance Securitizations Corp., by Conseco Finance Corp. *Id.*, Ex. A-6, at 43. On the same date, the Note was securitized, into the Conseco Finance Home Equity Loan Trust 2002-B. *Id.* [#35-5], Ex. A-7, at 66. Conseco Finance Corp. had acquired the Note, and was authorized to transfer notes held by Conseco Finance Servicing Corp.—such as Calvino's—for purposes of securitization, under the terms of a Restated Contract Sale and Servicing Agreement,

---

[1]Calvino states, in conclusory fashion, some of the exhibits are invalid because they appear in redacted form. He does not identify which redactions he believes to be suspicious, or cite any authority in support of this argument. As such, he has failed to raise a genuine dispute of fact.

executed on July 1, 1998, between Conseco Finance Corp. and Conseco Finance Servicing Corp.[2] *Id.* [#35-4], Ex. A-3, at 22–23. Accordingly, the Note is currently owned by U.S. Bank National Association as Trustee for the Home Equity Loan Trust 2002-B (but, as noted below, it is possessed by Green Tree Servicing LLC on behalf of the Trust). *Id.* [#35-4], Ex. A-7, at 45, 52; *id.* [#35-5], Ex. A-7, at 66. Under the terms of the Pooling and Servicing Agreement, Conseco Finance Corp. remains the servicer of the Note. *Id.* [#35-4], Ex. A-7, at 45. In turn, Conseco Finance Corp. is authorized to delegate servicing to a wholly owned subsidiary, such at Conseco Finance Servicing Corp. *Id.* at 54–55.

On December 17, 2002, Conseco Finance Corp and its subsidiaries, including Conseco Finance Servicing Corp., entered Chapter 11 bankruptcy. As a result, on March 14, 2003, CFN Investment Holdings LLC purchased, via an Amended and Restated Asset Purchase Agreement, the servicing rights to the Calvino Note. *Id.* [#35-5], Ex. A-11, at 75–76. As part of this Agreement, Conseco Finance Corp. transferred its servicing rights to Green Tree HE/HI LLC. *Id.*, Ex. A-17, at 106. The Amended and Restated Purchase Agreement was authorized by the bankruptcy court. *Id.*, Ex. A-12, at 85. On June 9, 2003, Conseco Finance Servicing Corp. changed its name to Green Tree Servicing LLC. *Id.*, Ex. A-16, at 104. Then, under a Subservicing Agreement, the servicing rights were transferred from Green Tree HE/HI LLC back to the original servicers, Conseco Finance Servicing Corp., now renamed Green Tree Servicing LLC, which possesses the Note on behalf of the securitization Trust. *Id.*, Ex. A-18, at 119, 121. As such, Defendant Green Tree Servicing LLC

---

[2]The July 1, 1998 Restated Contract Sale and Servicing Agreement was executed by Conseco Finance Corp. and Conseco Finance Servicing Corp. under their prior names, Green Tree Financial Corp. and Green Tree Financial Servicing Corp., respectively. Defs.' Mot. Summ. J. [#35-4], Ex. A-3, at 22. The Green Tree entities were renamed as Conseco entities on November 1, 1999. *Id.*, Ex. A-4, at 27–28 (Green Tree Financial Servicing Corp. renamed Conseco Finance Servicing Corp.); *Id.*, Ex. A-5, at 29–30 (Green Tree Financial Corp. renamed Conseco Finance Corp.).

is the current servicer of the Note, and is therefore authorized under Texas law to foreclose under the Deed of Trust in the event of default. *See* TEX. PROP. CODE § 51.0001(3), (4).

These assignments are all facially valid, and Calvino has raised no issue of material fact as to any of them. Moreover, the Fifth Circuit has explained, "under Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel*, 2013 WL 3480207, at *5. Calvino is not the assignor of any of these assignments, and therefore cannot challenge them.

Calvino argues servicers cannot enforce a note, but the authority he cites is Section 3-301 of the Uniform Commercial Code (UCC). This argument fails, for two reasons. First, to the extent Texas has adopted the UCC into the Texas Business and Commerce Code, it does not apply to mortgages. *Tremble v. Wells Fargo Home Mortg., Inc.*, 478 F. App'x 164, 166 (5th Cir. 2012) (unpublished). And second, by its plain language, section 3.301 of the Texas Business and Commerce Code does not limit enforcement to holders in due course:

> "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3.309 or 3.418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

TEX. BUS. & COM. CODE § 3.301. Here, as explained above, Defendant Green Tree Servicing LLC is a "nonholder in possession of the instrument who has the rights of a holder," and therefore Green Tree Servicing LLC is entitled under Texas law to enforce the Note and the Deed of Trust.

Calvino asserts the Note and Deed of Trust are void because they have become bifurcated, i.e., they are no longer owned by the same entity. This theory has been roundly rejected by courts

in Texas, as it is unsupported in Texas law. *Martins v. BAC Home Loans Servicing, L.P.*, No. 12–20559, 2013 WL 3213633, at *2–3 (5th Cir. June 26, 2013) ("The Texas courts have 'rejected the argument that a note and its security are inseparable by recognizing that the note and the deed-of-trust lien afford distinct remedies on separate obligations.'" (quoting *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03–11–00644–CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug. 3, 2012, no pet.)) Texas law differentiates between enforcement of a promissory note and foreclosure under a deed of trust. Nothing requires the mortgage servicer to possess the original promissory note in order to foreclose under the deed of trust. *See Broyles*, 2011 WL 1428904, at *3; *Griffin v. BAC Home Loans Servicing, L.P.*, No. H-09-03842, 2011 WL 675285, at *2 (S.D. Tex. Feb. 26, 2011); *Sawyer v. Mortg. Elec. Registration Sys., Inc.*, No. 3:09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb 1, 2010), *adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010). Indeed, the Texas Property Code contemplates the mortgage servicer will often represent the mortgagee, who may or may not possess the note itself. *See* TEX. PROP. CODE § 51.0001(4) (a mortgagee may be the "holder of a security instrument" or a "book entry system").

In support of his bifurcation theory, Calvino cites to an aged Supreme Court case, *Carpenter v. Longan*, which says: "the note and mortgage are inseparable . . . . An Assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." 83 U.S. 271, 274 (1872). While Calvino might find this language appealing, it is unconvincing when studied in context: the loan at issue in *Carpenter* had not yet matured and was not a home mortgage in default, as in the present case. More specifically, *Carpenter* was written almost 120 years ago and has no relevance to this modern day and age, where notes are routinely, as here, securitized and owned by multiple investors, while a separate servicer holds the deed of trust. Indeed, the Texas Property Code

contemplates the mortgage servicer will often represent the mortgagee, who may or may not possess the Note itself. *See* TEX. PROP. CODE § 51.0001(4) (a mortgagee may be the "holder of a security instrument" or a "book entry system"). In addition, as just discussed, Texas law does not recognize this theory, and this is a matter of state substantive law, not federal law. *Martins*, 2013 WL 3213633, at *2 ("That language [from *Carpenter*], however, is inapposite, because the [Supreme] Court was addressing Colorado Territorial law and federal common law. Neither controls our interpretation of Texas law.").

For all of the foregoing reasons, Defendants are entitled to judgment as a matter of law on Calvino's declaratory judgment and quiet title claim. The Court now turns to the remaining four claims, which are more simply addressed.

**B.    Fraud**

Calvino's fraud claim, which is apparently based on the fact his loan has a 13.33% interest rate, contrary to alleged oral promises it would be 9%, is barred by the stature of frauds. In Texas, any loan agreements for sums exceeding fifty thousand dollars must be in writing. TEX. BUS. & COM. CODE § 26.02(b). Calvino has produce no writing which substantiates the alleged agreement to offer him a loan at 9% interest, and therefore any such claim is barred by the statute of frauds.

In addition, any fraud claim is further barred by the statute of limitations. In Texas, common-law fraud claims must be brought within four years after they accrue. TEX. CIV. PRAC. & REM. CODE § 16.004(4). By Calvino's own account, he knew of the difference in interest rate at the time the loan closed in 2002, but did not file this suit until some ten years later, in 2012. Accordingly, any

fraud claim is barred by limitations.

### C. Refusal to Offer a Loss Mitigation Program

Defendants' alleged refusal to offer a modification fails because Calvino has no automatic right to a modification under the loan instruments, and there is no private right of action under the HAMP program. *Cade v. BAC Home Loans Servicing, LP*, No. H–10–4224, 2011 WL 2470733 at *2 & n.2 (S.D. Tex. June 20, 2011) (collecting authorities). Accordingly, this claim fails as a matter of law.

### D. Texas Deceptive Trade Practices Act

Calvino's Texas Deceptive Trade Practices Act (DTPA) claim fails because it is well-established under Texas law that servicing a mortgage is not a "service" under the DTPA, nor is reviewing a debtor's application for a loan modification. *See, e.g.*, *Hicks v. Chase Home Finance LLC*, No. 3:09-CV-1652-G, 2010 WL 4274745, at *5 (N.D. Tex. Oct. 21, 2010) (mem. op.) (subsequently vacated on other grounds); *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566–67 (Tex. 1984). As such, Calvino is not a "consumer" to whom the DTPA applies. *See Romo v. Wells Fargo Home Mortg.*, No. A–11–CA–143–SS, slip op. at 6 (W.D. Tex. Dec. 1, 2011).

Any DTPA claim regarding the origination of Calvino's loan is also barred by limitations, as DTPA actions must be brought within two years after they accrue. Tex. Bus. & Com. Code § 17.565

### E. Discrimination

Finally, Calvino alleges he was taken advantage of at the time his loan closed, in 2002, because his mastery of the English language was limited at the time, and Defendants refused to

provide a translator. Calvino cites no authority establishing this is a cause of action. Even assuming it is otherwise actionable, it is barred by the four-year residual limitations period. TEX. CIV. PRAC. & REM. CODE § 16.051 ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.").

### F.   Judicial Estoppel

In the alternative to all of the foregoing, Defendants argue Calvino is barred by judicial estoppel. Calvino himself filed for bankruptcy relief under Chapter 13 on July 22, 2011. Defendant Green Tree Servicing LLC filed a proof of claim in the Calvino bankruptcy on August 3, 2011. *See* Defs.' Mot. Summ. J. [#35-7], Ex. B-2, at 191–208. Calvino never objected to this proof of claim. On August 12, 2011, Calvino filed an amended schedule and statements, and failed to list any claim against either Defendant. *See* Defs.' Mot. Summ. J. [#35-7], Ex. B-3, at 209–29. Calvino cannot pursue claims which accrued prior to his bankruptcy, having failed to disclose them in bankruptcy, and therefore is judicially estopped from asserting any claims which accrued prior to July 22, 2011. *See In re Superior Crewboats, Inc.*, 374 F.3d 330, 335–36 (5th Cir. 2004).

### Conclusion

Defendants have shown they are entitled to judgment as a matter of law on all claims, and Calvino has failed to demonstrate any right to relief in law or equity.

Accordingly,

IT IS ORDERED that Plaintiff Ruben D. Calvino's Motion to Strike Defendants' Supplement to their Motion for Summary Judgment [#46] is DENIED;

IT IS FINALLY ORDERED that Defendants Conseco Finance Servicing Corp. and

Green Tree Servicing LLC's Motion for Summary Judgment [#35] is GRANTED.

SIGNED this the 29th day of August 2013.

                                                                          */s/ Sam Sparks*
                                                                      SAM SPARKS
                                                                      UNITED STATES DISTRICT JUDGE